IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00190-PAB

JOHN M. MBAKU,
LUVIBIDILA JOLIE LUMUENEMO,

    Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as successor by merger to BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing LP,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on plaintiffs' Complaint for Declaratory and Injunctive Relief [Docket No. 1] filed on January 24, 2012.  Among other forms of relief, the complaint requests an injunction preventing the foreclosure sale of plaintiffs' home on February 1, 2012.

    On the first page of the complaint, plaintiffs included the following: "Emergency Preliminary Injunction Requested to Stay Foreclosure Sale."  Docket No. 1 at 1.  Moreover, plaintiffs completed and filed an Information for Temporary Restraining Order form, wherein they indicated their desire that a hearing be held before February 1, 2012.  Plaintiffs indicate on this form that they filed a "Preliminary Injunction" on January 24, 2012.  To date, however, plaintiffs have yet to file a motion for temporary restraining order or preliminary injunction despite the fact that the event they seek to have enjoined is less than a week away.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a

court order must be made by motion.").

Furthermore, to the extent plaintiffs are seeking an *ex parte* temporary restraining order, Federal Rule of Civil Procedure 65(b)(1)(A) requires that a request for an *ex parte* temporary restraining order be supported by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Plaintiffs have not filed an affidavit or verified complaint. Plaintiffs indicated that they provided defendant notice of their complaint by mailing it to defendant and defendant's local counsel on January 24, 2012. *See* Docket No. 1 at 29.[1] But, as noted above, they have not filed a motion or indicated that they have notified defendant of any intention of doing so. Therefore, it is

**ORDERED** that, until such time as plaintiffs file a motion that complies with the Federal Rules of Civil Procedure and the Local Rules, the Court will not take up any request for relief found within their complaint.

DATED January 26, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Plaintiffs mailed the complaint despite having the name and contact information of defendant's local counsel. The delay attributable to that approach should not serve as the basis to grant injunctive relief before defendant has the opportunity to be heard. The Court further notes that it appears from plaintiffs' filings that the foreclosure sale was scheduled for February 1, 2012 well before this week.