IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00190-PAB

JOHN M. MBAKU,
LUVIBIDILA JOLIE LUMUENEMO,

      Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as successor by merger to BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing LP,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on plaintiffs' Emergency Motion for Temporary Restraining Order [Docket No. 5] filed on January 30, 2012.

      On January 24, 2012, plaintiffs filed a Complaint for Declaratory and Injunctive Relief [Docket No. 1] in which, among other forms of relief, they requested an injunction preventing the foreclosure sale of their home on February 1, 2012. In a January 26, 2012 order, *see* Docket No. 2, the Court noted that, although they mailed their complaint to defendants, plaintiffs did not, despite the fact that the event they seek to have enjoined is less than a week away, file a motion for temporary restraining order or preliminary injunction or provide defendant with notice of any intent to do so. And, to the extent plaintiff sought an *ex parte* temporary restraining order, the Court pointed out to plaintiffs that they had not complied with Federal Rule of Civil Procedure 65(b)(1)(A), which requires that a request for an *ex parte* temporary restraining order be supported

by "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

In the present motion, plaintiffs seek an "emergency temporary restraining order . . . to prevent the wrongful foreclosure sale of the property which is scheduled for Wednesday, February 1st, 2012." Docket No. 5 at 2. In their motion, plaintiffs indicate that a "motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a)(1) will soon be filed with this court, and notice will be given to the adverse party giving it ample opportunity to respond." Docket No. 5 at 3. Plaintiffs do not explain what injunctive relief they will seek after February 1, 2012 upon the eventual filing of a motion pursuant to Rule 65(a)(1). In any event, in light of plaintiffs' intention to file a separate motion pursuant to Rule 65(a)(1), it appears that plaintiffs are, by the present motion, seeking only a temporary restraining order pursuant to Rule 65(b)(1). Plaintiffs, however, still have failed to support such a motion with "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiffs have filed an affidavit in support of their motion, but the affidavit fails to address why the harm described will occur "before the adverse party can be heard in opposition to the motion." As the motion makes clear, plaintiffs have been aware of the impending foreclosure sale since before December 12, 2011. Despite plaintiffs' assertion that they diligently prepared their complaint, *see* Docket No. 5 at 3, ¶ 10, the Court concludes that waiting more than six weeks from being notified of

the foreclosure sale weighs against the issuance of an *ex parte* restraining order.[1]  *See*

*Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.*, 2008 WL 4239155,

at *6 (N.D. Cal. Sep. 11, 2008) ("[T]he Court finds Wangson's delay in requesting a

TRO militates against its issuance.  Parties spurred on by the threat of or actual

immediate irreparable harm, file for TROs as quickly as possible to head or stave it off.

Here, in stark contrast, Wangson was aware of defendants' alleged counterfeiting

activities since July 2008, but did not file suit until September 2008.") (citations omitted).

      Moreover, although the plaintiffs contend defendant does not have the right to

foreclose, plaintiffs fail to show that they are entitled to remain in possession, e.g., by

demonstrating that they are not in default on the loan.  *See* Docket No. 1 at 8, ¶ 32 ("In

or around January 2009, after struggling to keep their payments current, Plaintiffs fell

behind, and their loan went into default.").[2]  Under the relevant Colorado statutory

---

[1] As the Court noted in its previous order, plaintiffs have the name and contact information of defendant's local counsel.  They fail to explain why they have not provided even oral notice of the present motion to defendant.  *See* Fed. R. Civ. P. 65(b)(1)(B); *cf.* D.C.COLO.LCivR 7.1A ("The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.  The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."); D.C.COLO.LCivR 65.1A.2 (providing that Local Rule 7.1A applies to motions for temporary restraining order).

[2] In claim twelve of their complaint, *see* Docket No. 1 at 26, plaintiffs allege a violation of 12 U.S.C. § 2701 *et seq.*, contending that they are entitled to emergency mortgage relief.  Plaintiffs do not identify this as a basis supporting issuance of a temporary restraining order.  *See* Docket No. 5 (limiting the alleged violation supporting a temporary restraining order to defendant's lack of standing to institute foreclosure proceedings).  Furthermore, plaintiffs have not identified what provision of the statutory sections cited they would be entitled to enforce.  To the extent plaintiffs were attempting to assert a claim pursuant to the Home Affordable Modification Program ("HAMP"), *see* Docket No. 1 at 5, ¶ 24

3

provision, one who claims to be entitled to foreclose on a debt may do so "without the original evidence of debt," "without the original recorded deed of trust or a certified copy thereof," and "without the proper indorsement or assignment of an evidence of debt." Colo. Rev. Stat. § 38-38-101(2). Because defendant was not required to produce such evidence, plaintiffs fear that defendant has no legal authority to foreclose on their property. However, plaintiffs do not contend that, if an entity with undeniable legal standing to foreclose had initiated the foreclosure proceedings, they would be permitted to stay in their home. And, upon foreclosing without the aforementioned forms of evidence, defendant was "deemed to have agreed to indemnify and defend any person liable for repayment of any portion of the original evidence of debt in the event that the original evidence of debt is presented for payment." Colo. Rev. Stat. § 38-38-101(2); *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.") (emphasis in original). In light of that indemnification, plaintiffs do not risk being responsible to a party other than defendant for the original debt and, therefore, any harm that would flow from such a party seeking to recover from plaintiff is not irreparable. *See San Luis Valley Ecosystem Council v. U.S. Fish and Wildlife Service*, 657 F. Supp. 2d 1233, 1242 (D. Colo. 2009) (finding that the harm identified by plaintiffs was "not irreparable in that it can be compensated by money damages"). By so finding, the Court does not

---

; *see also* 12 U.S.C. § 5219, "[f]ederal courts . . . have uniformly held that HAMP does not create a private right of action." *Gretsch v. Vantium Capital, Inc.*, 2011 WL 6754079, at *2 (D. Minn. Dec. 23, 2011).

reach any of plaintiffs' other damage requests or imply that there are no potential remedies for individuals who suffer foreclosure at the hands of an incorrect entity. Rather, without some specific basis to believe that plaintiffs are entitled to remain in possession of their home,[3] the Court concludes that the identified harm resulting from the foreclosure sale does not support the issuance of a temporary restraining order under the circumstances in this case.

Therefore, it is

**ORDERED** that plaintiffs' Emergency Motion for Temporary Restraining Order [Docket No. 5] is DENIED.

DATED January 30, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] In their complaint, plaintiffs allege that they will be able to demonstrate that the true holders of the loans have been compensated in the amount of the loan "by insurance proceeds, money from various guarantors, by the investors, and/or by the federal government." Docket No. 1 at 13, ¶ 75. Even assuming this could be interpreted as alleging that plaintiffs are somehow not in default of their loan obligations, the Court does not find that this single speculative allegation in plaintiff's unverified complaint is sufficient to support the issuance of a temporary restraining order. Nor does the Court believe that a hearing on that issue is required. *Cf. Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) (noting that Fed. R. Civ. P. 65(a) "does not make a hearing a prerequisite for ruling on a preliminary injunction," and that a hearing "would not be necessary if the movant is proceeding on a legal theory which cannot be sustained," "if the facts are undisputed and the relevant factual issues are resolved," or "when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm.").