IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU, and
LUVIBIDILA JOLIE LUMUENEMO,

   Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, successor to BAC Home Loans
Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP,

   Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on Defendant's **Motion to Dismiss Plaintiffs'**

**Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 13; Filed February 22, 2012]

(the "Motion").  On March 12, 2012, Plaintiffs filed a Response [#16] in opposition to the

Motion.  On March 26, 2012, Defendant filed a Reply [#18].

   The Motion is ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and

D.C.Colo.LCivR 72.1C(3), the Motion has been referred to this Court for recommendation

[#14].  Having reviewed the entire case file and being sufficiently advised, the Court

respectfully **RECOMMENDS** that the Motion [#13] be **GRANTED**.

**I.  Background**

   Plaintiffs, who proceed in this matter *pro se*, bring this action pursuant to: (1) the

Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-101, *et seq.*; (2) the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; (3) the Colorado

Fair Debt Collections Practices Act ("CFDCPA"), Colo. Rev. Stat. §§ 12-14-101, *et seq.*;

(4) the Emergency Mortgage Relief Act ("EMRA"), 12 U.S.C. §§ 2701, *et seq.*; (5) 24 C.F.R.

§ 203.501; (6) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; (7) 12 C.F.R.

§ 226.23; and (8) various additional state common law claims.  In short, Plaintiffs challenge

the foreclosure of their property located at 1177 South Alton Street, Unit A, Denver,

Colorado 80237 (the "Property").  [#1] at 20-27.

On February 22, 2008, Plaintiffs refinanced the Property with Taylor, Bean &

Whitaker Mortgage Corp. ("TB&W").  [#1] at 2.  TB&W loaned Plaintiffs $166,885.00 (the

"Loan") and secured the Loan by a Deed of Trust (the "Deed") against the Property.  *See*

*Ex. 6, Deed of Trust* [#1-1] at 13-22.[1]  The Deed named Mortgage Electronic Registration

Systems, Inc. ("MERS") as the beneficiary and was later recorded on March 13, 2008.  *Id.*

Also on February 22, 2008, Plaintiffs signed the Multistate FHA Fixed Rate Note (the

"Note").  *See Ex. 8, Note* [#1-1] at 24-26.

Plaintiffs allege that on August 16, 2010, Castle Meinhold & Stawiarski, LLC

---

[1] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to the plaintiffs' claims and to which the plaintiffs refer in their complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court has examined the numerous documents submitted by the parties in connection with the Complaint and the Motion and has determined that each of the documents cited to in this decision may appropriately be referenced by the Court in making its Recommendation on the pending Motion.

("Castle") initiated foreclosure proceedings against Plaintiffs by sending a letter titled "Foreclosure Referral" on behalf of BAC Home Loans Servicing, L.P. ("BAC")[2] to the Public Trustee of Arapahoe County and requesting that the Public Trustee file the attached Notice of Election and Demand (the "Notice").  *See* [#1] at 3, 5-6; *Ex. 1, Notice of Election and Demand for Sale by Public Trustee* [#1-1] at 2-3; *Ex. 3, Foreclosure Referral* [#1-1] at 7-8. The Notice, which was recorded on August 24, 2010, requested the sale of the Property to satisfy the debt secured by the Deed.  *See Ex. 1, Notice of Election and Demand for Sale by Public Trustee* [#1-1] at 2-3.  Plaintiffs allege, without any specificity, that Defendant, as successor-by-merger to BAC, made misrepresentations in Castle's letter and in the "Statement by Attorney for Qualified Holder pursuant to Colo. Rev. Stat. § 38-38-101."  [#1] at 3; *see Ex. 4, Statement by Attorney for Qualified Holder Pursuant to 38-38-101, C.R.S.* [#1-1] at 9.[3]

Plaintiffs further allege in and around September 2010 that they were unemployed[4] and that they qualified for the Home Affordable Modification Program ("HAMP"); however, TB&W rejected Plaintiffs' application for HAMP on multiple occasions.  [#1] at 5.  Plaintiffs also assert that, "several months before," TB&W misled Plaintiffs by claiming that Plaintiffs were not eligible for HAMP unless their mortgage payments were at least sixty days late. *Id.*

---

[2] Defendant is the successor by merger to BAC, which was formerly known as Countrywide Home Loans Servicing LP.  *See Compl.* [#1] at 1; *Ex. 5, Notice of Hearing* [#1-1] at 10-12; *Ex. 7, Order Authorizing Sale* [#1-1] at 23.

[3] Exhibit 4, "Statement by Attorney for Qualified Holder Pursuant to 38-38-101, C.R.S.," is mislabeled in the attachments to the Complaint as a second Exhibit 3.

[4] It is unclear when Plaintiffs' unemployment began.

On December 10, 2010,  Plaintiffs filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court.  [#1] at 6; *see Ex. A, Voluntary Petition* [#18-2] at 2-52 (Ch. 7 Voluntary Pet., *In re Mbaku*, No. 10-40834-SBB (Bankr. D. Colo. Dec. 10, 2010)).  Plaintiffs state that the Bankruptcy Court "issued an order (automatic stay) blocking the sale of plaintiffs' residence" that same day.  [#1] at 6.   On April 7, 2011, the United States Bankruptcy Court filed a "Discharge of Debtor" regarding Plaintiff's bankruptcy petition.  *See Ex. 9, Discharge of Debtor* [#1-1] at 27.

On October 27, 2011, Castle filed a motion on behalf of Defendant "with the Arapahoe County District court for an 'order authorizing the public trustee to sell certain real estate under a power of sale contained within a deed of trust.'"  [#1] at 3, 7; *see also Ex. 5, Notice of Hearing* [#1-1] at 10-12.   The filing stated in part that Defendant was the successor by merger to BAC, which was formerly known as Countrywide Home Loans Servicing L.P.  *Id.*  Plaintiffs allege that on November 21, 2011, they received a letter from the Federal Bank Regulators.  [#1] at 16.   The letter, titled "Independent Foreclosure Review," references the Property and states:

> **You are receiving this notice because the above property is or was active in the foreclosure process between January 1, 2009 and December 31, 2010** . . . .  The Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency (federal bank regulators) have required an **Independent Foreclosure Review** to identify customers who may have been financially injured as a result of errors, misrepresentations, or other deficiencies made during the foreclosure process.  Bank of America's records indicate that your loan may meet the initial criteria:
> - Your mortgage loan was active in the foreclosure process between January 1, 2009 and December 31, 2010.
> - The property was your primary residence.
>
> If you believe that you may have been financially injured, you may submit a Request for Review Form for an **Independent Foreclosure Review** by a

consultant outside of Bank of America.

*See id.*; *Ex. 11, Independent Foreclosure Review* [#1-1] at 29 (emphasis in original).

Plaintiffs allege that, the day after receiving this letter, Defendant's agent inspected Plaintiffs' home and determined it was abandoned, despite the fact that Plaintiffs were inside the home. [#1] at 15. As part of the inspection, Defendant's agents placed a notice on Plaintiffs' front door, which stated:

> This property has been determined to be vacant and abandoned. This information will be reported to the mortgage servicer responsible for maintaining the property. The mortgage servicer intends to protect this property from deterioration. The property may have its locks replaced and/or plumbing systems winterized in the next few days. If the property is <u>NOT</u> VACANT and ABANDONED, please call BAC Field Services immediately at (866) 515-9759.

*See id.*; *Ex. 10, Notice* [#1-1] at 28 (emphasis in original).

On December 12, 2011, the District Court of Arapahoe County issued an "Order Authorizing Sale" of the Property. *See Ex. 7, Order Authorizing Sale* [#1-1] at 23. On January 24, 2012, Plaintiffs filed this action. *See* [#1].

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.

-5-

1999) (citation omitted).  To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a).  *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

When considering Plaintiffs' Complaint [#1] and Response [#16], the Court is mindful that it must construe the filings of *pro se* litigants liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing to *Twombly*); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [*pro se* litigants'] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

**A.   Violation of the FDCPA (Plaintiffs' "Count X")**

Plaintiffs' Complaint does not identify with particularity which provisions of the FDCPA they believe that Defendant violated. [#1] at 25.   Defendant contends that the FDCPA only applies to "debt collectors" and does not apply to Defendant because it does not apply to lenders or loan servicers.  [#13] at 23.   Defendant asserts that "companies foreclosing on their own debts are not 'debt collectors' as defined under the FDCPA." [#13] at 21.

The FDCPA prohibits deceptive and misleading practices by "debt collectors."  15 U.S.C. § 1692e.   The FDCPA specifically defines "debt collectors" as those engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).   Therefore, according to its terms, the FDCPA is limited in its application to those collecting the debts "of another" and does not apply to the activities of creditors seeking to collect their own debts. *Lyons v. WM Specialty Mortg. LLC*, No. 09-cv-00018-WYD-BNB, 2008 WL 2811810, at *7 (D. Colo. July 18, 2008). Moreover, the FDCPA provides that a creditor who collects its own debt using its own name

is not a "debt collector." *Chase Home Fin. v. Lanier*, No. 08-cv-01286-WYD-MEH, 2008 WL 2477598, at *1 (D. Colo. June 18, 2008). The plaintiff in an FDCPA claim bears the burden of proving the defendant's debt collector status. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Caroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004).

Plaintiffs argue in part that the chain of assignment between TB&W and Defendant is invalid. They therefore conclude that Defendant was not entitled to collect on the loan or enforce the security interest established by the mortgage and that this means that Defendant's actions in this matter were conducted as a debt collector within the meaning of the FDCPA. However, Plaintiffs lack standing to assert this challenge, because Plaintiffs were not parties to the assignments at issue. *See, e.g.*, *Cingolani v. BAC Home Loans Servicing, L.P.*, No. 11-15159, 2012 WL 3029829, at *3 (E.D. Mich. July 25, 2012) (citing *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010).

In addition, the FDCPA simply does not apply to mortgage loan servicers, such as Defendant. *Blair v. Bank of Am. N.A.*, No. 3:11-CV-01253-SI, 2012 WL 929790, at *8 (D. Or. Mar. 19, 2012). Defendant was the holder of the Note, which Defendant used to initiate the foreclosure process. *Ex. 8, Note* [#1-1] at 24-26. "[T]he holder of the Note . . . is not a 'debt collector' within the meaning of the [FDCPA] because [the Note holder] is not attempting to collect the debt of **another**." *Toone v. Wells Fargo Bank, N.A.*, No. 2:11-CV-170, 2011 WL 4499299, at *3 (D. Utah Sept. 27, 2011) (quoting *Kee*, 656 F. Supp. 2d at 1354-55).

Thus, Plaintiffs fail to allege any facts supporting their contention that Defendant was a "debt collector" pursuant to the FDCPA. Further, as noted earlier, Plaintiffs have not

alleged which specific provision or provisions of the FDCPA were allegedly violated. Accordingly, Plaintiffs' claim pursuant to the FDCPA fails, and the Court **recommends** that it be dismissed.

**B.    Violation of the EMRA (Plaintiffs' "Count XII")**

Plaintiffs allege that Defendant should be liable for violating the EMRA.  [#1] at 26. They allege that Defendant deprived them "inter alia of their right to emergency mortgage relief as envisioned by Congress" and that they "suffered irreparable harm and damages." *Id.* Defendant contends that Plaintiffs fail to qualify for relief pursuant to the EMRA.  [#13] at 23 (citing 12 U.S.C. §§ 2701-12).

The EMRA only applies if:

(1) the holder of the mortgage has indicated to the mortgagor its intention to foreclose; (2) the mortgagor and holder of the mortgage have indicated in writing to the Secretary of Housing and Urban Development (hereinafter referred to as the "Secretary") and to any agency or department of the Federal Government responsible for the regulation of the holder that circumstances (such as the volume of delinquent loans in its portfolio) make it probable that there will be a foreclosure and that the mortgagor is in need of emergency mortgage relief as authorized by this chapter, except that such statement by the holder of the mortgage may be waived by the Secretary if in his judgment such waiver would further the purposes of this chapter; (3) payments under the mortgage have been delinquent for at least three months; (4) the mortgagor has incurred a substantial reduction in income as a result of involuntary unemployment or underemployment due to adverse economic conditions and is financially unable to make full mortgage payments; (5) there is a reasonable prospect that the mortgagor will be able to make the adjustments necessary for a full resumption of mortgage payments; and (6) the mortgaged property is the principal residence of the mortgagor.

12 U.S.C. § 2702.  However, Plaintiffs simply allege that they:

made several attempts to, pursuant to the Home Affordable Modification Program ("HAMP"), to enter into a mortgage modification agreement with TBW but to no avail . . . .  Though plaintiffs were willing, able and qualified for

the program, TBW rejected plaintiffs' application on several occasions without explanation, other than stating that their computer system made the decisions and that they had no control over the computer's decision.

[#1] at 5.

As Defendant contends, Plaintiffs have failed to allege that they satisfied the second requirement of 12 U.S.C. § 2702, because they failed to allege that they contacted the Housing and Urban Development (HUD) or any agency of the Federal Government regarding the foreclosure and emergency mortgage relief. *See* [#1] at 5; [#13] at 23. Accordingly, they are not eligible for relief pursuant to the EMRA. Plaintiffs' claim thus fails, and the Court **recommends** that it be dismissed.

## C.     Violation of 24 C.F.R. § 203.501 (Plaintiffs' "Count XIII")

Plaintiffs allege that Defendant should be liable for violating 24 C.F.R. § 203.501 because Defendant deprived them of "their right to many foreclosure alternatives," including special forbearance. [#1] at 26. 24 C.F.R. § 203.501 states that "[m]ortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department."

Defendant contends that this HUD regulation "only address[es] the relationship between the mortgagee and the government and do[es] not provide a mortgagor with a claim for the mortgagee's failure to follow [it]." [#13] at 23 (citing *Roberts v. Cameron-Brown Col*, 556 F.2d 356, 360 (5th Cir. 1977); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-916-B, 2009 WL 1810336, at *13 (N.D. Tex. June 24, 2009)). "It is well established that [HUD] regulations . . . 'deal with only the relations between the mortgagee

. . . and the government, and give the mortgagor . . . no claim to duty owed nor remedy for failure to follow.'" *Baker*, 2009 WL 1810336, at *13 (citations omitted).  Therefore, as the mortgagee, Defendant is not liable to Plaintiff for any violation of 24 C.F.R. § 203.501. Plaintiffs' claim accordingly fails, and the Court **recommends** that it be dismissed.

**D.     Violation of TILA and 12 C.F.R. § 226.23 (Plaintiffs' "Count XIV," "Count XV")**

Plaintiffs allege that Defendant should be liable for violating TILA because Defendant deprived Plaintiffs "inter alia of their right to rescind."   [#1] at 27.   12 C.F.R. § 226.23 specifically provides for the consumer's right to rescind as part of TILA.

Plaintiffs' claims pursuant to TILA are time-barred.   *See Estrada v. Aurora Loan Servs., LLC*, No. 2:10-CV-1009 TS, 2010 WL 4869093, at *2 (D. Utah Nov. 23, 2010). Pursuant to 15 U.S.C. § 1640(e), an action for damages pursuant to TILA must be filed "within one year from the date of the occurrence of the violation."  *See id.*  The date of the occurrence of the violation is the date that the consumer credit transaction is consummated.  *Id.* (citing *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974)).  Here, Plaintiffs allege that the refinance loan was consummated on February 22, 2008. [#1] at 2.  Thus, the filing of this lawsuit occurred well outside the period permitted by the statute of limitations, and Plaintiffs have alleged no facts supporting a basis for tolling.  *See Estrada*, 2010 WL 4869093, at *2 n.21.

In addition, rescission pursuant to TILA must occur within three years after the date of the consummation of the transaction.  *Id.* at *2 (citing 15 U.S.C. § 1635(f)).  This period "is not a statute of limitations, but a statute of repose, meaning that the right is extinguished after the three-year period passes and is not subject to equitable tolling."  *Id.* (citing *Beach*

*v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)).  This three-year period ended on February 22, 2011, nearly a year before Plaintiffs filed this lawsuit on January 24, 2012.  [#1].

Accordingly, Plaintiffs' claim pursuant to TILA and 12 C.F.R. § 226.23 fails, and the Court **recommends** that it be dismissed.

### E.     State Law Claims (Plaintiffs' "Count I," "Count II," "Count III," "Count IV," "Count V," "Count VI," "Count VII," "Count VIII," "Count IX," and "Count XI")

Finally, Plaintiffs bring ten state law claims: (1) fraud; (2) violation of the CCPA, Colo. Rev. Stat. §§ 6-1-101, *et seq.*; (3) breach of contract regarding the Deed; (4) breach of contract regarding the Note; (5) breach of the covenant of good faith and fair dealing; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) negligence per se; and (10) violation of the CFDCPA, Colo. Rev. Stat. §§ 12-14-101, *et seq.*

Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, having recommended dismissal of Plaintiffs' federal claims, the Court further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### IV.  Recommendation for Dismissal

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#13] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the federal claims in Plaintiffs' Complaint [#1] be **DISMISSED with prejudice** and that the state law claims in Plaintiffs' Complaint [#1] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 20, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-13-