IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU,
LUVIBIDILA JOLIE LUMUENEMO,

       Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as successor by merger to BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing LP,

       Defendant.

_____

**ORDER CERTIFYING MATTER TO THE COLORADO ATTORNEY GENERAL**
_____

In the Court's February 1, 2013 Order [Docket No. 26], the Court declined to dismiss the claim advanced by plaintiffs John M. Mbaku and Luvibidila Jolie Lumuenemo that Colorado Rule of Civil Procedure 120 violates the due process clause of the Fourteenth Amendment.[1]  Docket No. 26 at 18-19; *see also* Docket No. 1 at 2-3, ¶¶ 4-6.

Section 2403(b) of Title 28 of the United States Code provides that:

In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is

---

[1] This claim is not enumerated as a cause of action in the complaint.  Rather, the complaint's introduction states in part: "plaintiffs contend that [Rule 120] violates the due process clause of the U.S. Constitution by improperly shifting the burden from the bank to the plaintiffs."  Docket No. 1 at 2, ¶ 4.  In light of plaintiffs' pro se status, the Court construed the complaint liberally and found the language in the introduction sufficient to assert a constitutional claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

> drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, . . . and for argument on the question of constitutionality.

The local rules of the District of Colorado explicitly incorporate this provision, requiring that "[o]n receipt of a notice of unconstitutionality, the court shall comply with the certification provisions of 28 U.S.C. § 2403." D.C.Colo.LCivR 24.1C.

Rule 120 of the Colorado Rules of Civil Procedure sets forth a procedure by which a party may initiate foreclosure proceedings. Colo. R. Civ. P. 120. Given that Rule 120 involves adjudication of property rights, it affects "the public interest" and plaintiffs' challenge has "drawn in question" its constitutionality. *See* 28 U.S.C. § 2403(b). Accordingly, it is

**ORDERED** that plaintiffs' challenge to the constitutionality of Rule 120 of the Colorado Rules of Civil Procedure is certified to the Colorado Attorney General. It is further

**ORDERED** that the Clerk of this Court shall forward a copy of this Order, the complaint [Docket No. 1], and the February 1, 2013 Order [Docket No. 26], certified under seal, to the Colorado Attorney General.

DATED May 9, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge