IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU,
LUVIBIDILA JOLIE LUMUENEMO,

      Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as successor by merger to BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing LP,

      Defendant.
_____

## ORDER
_____

     This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction

[Docket No. 41] filed by plaintiffs John M. Mbaku and Luvibidila Jolie Lumuenemo.  The

Court held a hearing on this motion on June 28, 2013.

## I.  FINDINGS OF FACT

     1.  On February 22, 2008, plaintiffs obtained a loan in the amount of

$166,885.00 from Taylor, Bean & Whitaker Mortgage Corporation ("TBW") secured by

their residence at 1177 South Alton Street, Unit A, Denver, Colorado 80247.  Pl. Ex.

21.[1]  Despite having a Denver mailing address, this property is located in Arapahoe

County, Colorado.

     2.  Plaintiffs signed a Deed of Trust and a Promissory Note (the "Note") with

_____

    [1] Citations to exhibits are to exhibits introduced at the June 28, 2013 hearing.

respect to this loan.  Def. Ex. A; *see also* Arapahoe County Property Records at

http://www.co.arapahoe.co.us/Apps/ForeClosure/SearchDetails.aspx?id=40047949&fn=

0444-2013 (Document 0444-2013 CDOT.tif under View Documents tab).

3.  At the hearing, defendant offered into evidence plaintiffs' original Promissory

Note.  Def. Ex. A.  The signatures on the Note are in blue ink and appear to be original.

The Note bears a blank endorsement from TBW.  Plaintiffs have not offered any

evidence calling into question the authenticity of this document.

4.  Under the terms of the Note, plaintiffs are required to make payments of

$973.90 on the first day of each month, beginning April 1, 2008.  The Note identifies

TBW as the Lender.  Def. Ex. A at 1.  The Note provides that the loan is secured by a

Deed of Trust.  *Id*.

5.  In early 2010, plaintiffs stopped making payments on the loan.  Def. Ex. D.[2]

Plaintiffs have not made any payments since that time.

6.  On August 24, 2010, BAC Home Loans Servicing, L.P. ("BAC"), through its

attorneys, Castle Meinhold & Stawiarski, LLC, recorded a Notice of Election and

Demand for Sale by Public Trustee ("Notice of Election") in Arapahoe County, Colorado

with respect to plaintiffs' property.  Pl. Ex. 6.

7.  On August 1, 2011, an assignment from Mortgage Electronic Registration

Systems ("MERS") to BAC of plaintiffs' Deed of Trust and Promissory Note was

recorded in Arapahoe County, Colorado.  Pl. Ex. 1.

8.  On October 28, 2011, Bank of America, National Association ("BANA"), the

---

[2] Plaintiffs dispute the authenticity of the payment history defendant submitted
into evidence, Def. Ex. D, but do not dispute that they are in default on the loan.

2

successor in interest to BAC, filed a motion for an order authorizing sale pursuant to Colorado Rule of Civil Procedure 120 ("Rule 120") in Arapahoe County District Court, Case No. 2011CV203999.  Pl. Ex. 9 and 10.

9.   On November 16, 2011, plaintiffs filed an objection in the state court to defendant's motion for an order authorizing sale, which, among other things, challenged BANA's standing to foreclose.  Pl. Ex. 24 at 1, ¶ 2.

10.   On December 12, 2011, following a hearing on the defendant's motion, the state court issued an order authorizing sale.  Pl. Ex. 23.  At the hearing, a witness for BANA testified via telephone, despite plaintiffs' objections.

11.   On September 21, 2012, the state court dismissed the foreclosure proceedings without prejudice, pursuant to BANA's motion to withdraw its Notice of Election.  Pl. Ex. 24 and 25.

12.   On March 13, 2013, BANA recorded a second Notice of Election with respect to plaintiffs' property.  Pl. Ex. 14.

13.   On May 3, 2013, BANA filed a motion for order authorizing sale with respect to plaintiffs' property.  Pl. Ex. 11.

14.   A sale of plaintiffs' property is scheduled for July 10, 2013.  Pl. Ex. 15.

15.   There is no evidence that plaintiffs have objected to the motion for order authorizing sale filed on May 3, 2013, Pl. Ex. 11, that a Rule 120 hearing has been held on that motion, or that the state court has issued an order authorizing sale.

## II. CONCLUSIONS OF LAW

### A.  Standard of Review

A party seeking a preliminary injunction must show (1) a likelihood of success on the merits, (2) a likelihood that the movant will suffer irreparable harm,[3] (3) that the balance of the equities tips in the movant's favor, and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Since "a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

Because "the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005).

### B.  Analysis

Plaintiffs' motion requests an order enjoining "any and all proceedings

---

[3] Where a movant establishes that the three "harm" factors "tip *decidedly* in its favor," the Tenth Circuit has applied a modified standard at the first step, requiring a movant to show only "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation."  *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 669 F. Supp. 2d 1235, 1243 (D. Colo. 2009) (quoting *Heideman v. South Salt Lake City*, 348 F. 3d 1182, 1189 (10th Cir. 2003) (emphasis in original) (internal citations omitted)).

subsequent to and under Colorado Rules [sic] of Civil Procedure 120 (**Rule 120**) and/or Colorado Revised Statute § 38-38-101 *et seq*. against Plaintiffs' Real Property, including but not limited to the sale of Plaintiffs' property in a foreclosure sale scheduled for Wednesday, July 10, 2013." Docket No. 41 at 1.  However, plaintiffs revised their request at the preliminary injunction hearing.  The Court now understands plaintiffs to request that the Court declare Rule 120 and Colo. Rev. Stat. §§ 38-38-100.3 *et seq*. unconstitutional.  Plaintiffs seek this order on the grounds that defendant lacks standing to foreclose and that the Rule 120 procedure violates the due process clause of the Fourteenth Amendment of the Constitution, both on its face and as applied to plaintiffs.

The statutory scheme that plaintiffs challenge operates as follows.  A party seeking foreclosure must file a verified motion with a state district court requesting an order authorizing sale.  Colo. R. Civ. P. 120(a).  The motion must "specify the default or other facts claimed by the moving party to justify invocation of the power of sale."  *Id*. Upon receipt of the motion, the state court clerk sets a date for a hearing on the motion. *Id*.  Any interested party may file a response no less than seven days prior to the scheduled hearing.  Colo. R. Civ. P. 120(c).  In any hearing on the motion, the "scope of inquiry . . . shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues required by the Service Members Civil Relief Act."  Colo. R. Civ. P. 120(d).  A party may establish its standing to foreclose by filing with the public trustee (1) a copy of the evidence of debt and a certification signed by the holder or the holder's attorney stating that the copy is true

and correct and (2) a copy of the deed of trust and a certification by the holder or the holder's attorney stating that the copy is true and correct.  Colo. Rev. Stat. § 38-38-101(1)(b) and (c).

If no response to the motion is filed, "the court shall examine the motion and, if satisfied that venue is proper and the moving party is entitled to an order authorizing sale upon the facts stated therein, the court shall dispense with the hearing and forthwith enter an order authorizing sale."  Colo. R. Civ. P. 120(e).  The issuance of an order authorizing sale permits the public trustee to proceed with a foreclosure sale.  *See* Colo. Rev. Stat. §§ 38-37-104(b), 38-38-100.3(17).  Although neither the grant or denial of a motion under Rule 120 is directly appealable, it is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction."  Colo. R. Civ. P. 120(d).  If a foreclosure sale is completed without production of the original evidence of debt, proper indorsement or assignment, or the original deed of trust, the foreclosing entity must indemnify the homeowner from economic losses–including court costs and attorney's fees–"in the event that the original evidence of debt is presented for payment" by a third party.  Colo. Rev. Stat. §§ 38-38-101(2)(a), (c).

Defendant argues that the relief plaintiffs request is unavailable pursuant to (1) the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, and (2) the doctrine of mandatory abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

28 U.S.C. § 2283.  The Supreme Court has held that 42 U.S.C. § 1983 is "an Act of Congress that falls within the 'expressly authorized' exception of" the Anti-Injunction Act.  *Mitchum v. Foster*, 407 U.S. 225, 243 (1972).  Accordingly, the Anti-Injunction Act does not apply in this instance because plaintiffs are seeking an injunction pursuant to 42 U.S.C. § 1983, Docket No. 26 at 18-19; *see also* Docket No. 48 at 6; Docket No. 49 at 7-8, and thus their claims fall within an exception to the Act.  *See* 28 U.S.C. § 2283; *Mitchum*, 407 U.S. at 243.

> *Younger* abstention applies where
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal citations omitted).  If the above conditions are satisfied, abstention is necessary unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith"; (2) the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; or (3) there are other extraordinary circumstances involving irreparable injury.  *Moore v. Sims*, 442 U.S. 415, 424 (1979) (internal citations and alterations omitted); *Younger*, 401 U.S. at 53.  *Younger* applies in the context of state court civil proceedings between private parties.  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  *Younger* is a bar not only to claims for injunctive relief, but also to claims

requesting a declaratory judgment concerning the constitutionality of a state law. *Id.*; *see also Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts should not interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings–when such relief could adequately be sought before the state court").

The Court is unable to grant the relief plaintiffs request for several reasons. First, given the procedural posture of this matter, *Younger* mandates the Court's abstention. When defendant filed a motion on May 3, 2013, Pl. Ex. 11, for an order authorizing sale, it triggered the state court's review. As no order authorizing sale has been issued, it necessarily follows that the state court is still conducting its review and determining whether to issue an order authorizing sale. *See* Colo. R. Civ. P. 120(a), (e). Thus, state proceedings are "ongoing" within the meaning of *Younger* and will not conclude until the state court rules on defendant's motion for an order authorizing sale.

With respect to the second prong of the *Younger* analysis, plaintiffs could have filed a collateral attack of the Rule 120 proceedings in a state court, which would have jurisdiction to consider all the issues raised here. *See id.* at 120(d); *see, e.g.*, *Goodwin v. District Court In and For Sixteenth Judicial Dist.*, 779 P.2d 837, 841 (Colo. 1989) ("The court of appeals reversed the judgment of the district court, concluding that, although evidence of the oral agreement between the Morelands and the bank should have been considered at the Rule 120 hearing, the Morelands were not denied due process of law because they had been given a ten-day stay which was adequate for

them to file an independent action to enjoin the sale by the public trustee."); *Hull v. Bowest Corp.*, 683 P.2d 1181, 1183 (Colo. 1984) ("Petitioners thereupon filed a complaint . . . seeking damages for breach of contract and fraud, and an injunction to enjoin the public trustee's sale of petitioners' residence.  After a hearing on petitioners' request for injunctive relief, the trial court found that Affiliated was not an 'interested party' authorized to foreclose the deed of trust, and vacated the previously issued order authorizing the sale.").  Moreover, the state statutory scheme regarding foreclosures allows a suit, such as this one, to challenge the foreclosure and to raise the defenses to it without the necessity to interfere with "ongoing" proceedings.

As to the third prong, the Supreme Court has held it to be "beyond question" that ensuring the security of titles to real estate is "an essential state interest."  *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud").  The issuance of an order authorizing sale implicates the important state interests, namely, overseeing the determination of property rights and the orderly functioning of the foreclosure process, identified in *BFP*. *See* 511 U.S. at 544.  Finally, plaintiffs have not demonstrated that this case falls within one of the exceptions to *Younger*, especially since they will not be barred from refiling their request for injunctive relief should the circumstances change.[4]

--------

[4] The Court notes that, even if the state court Rule 120 proceedings are not "ongoing" and thereby the *Younger* abstention doctrine does not apply, plaintiffs have failed to join a necessary party for purposes of injunctive relief.  In Colorado, foreclosure sales following Rule 120 proceedings are conducted by the public trustee. Plaintiffs have not named the public trustee as a defendant in this case and the Court cannot issue injunctive relief against a non-party.  *See People v. Dougherty*, 76 P.3d

## III.  CONCLUSION

Since the requested relief is beyond the power of the Court to grant, plaintiffs have not succeeded in demonstrating a likelihood of success on the merits.  As a result, there is no need to address the other factors.  For the foregoing reasons, it is

**ORDERED** that the Motion for Preliminary Injunction [Docket No. 41] filed by plaintiffs John M. Mbaku and Luvibidila Jolie Lumuenemo is DENIED without prejudice.

DATED July 3, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

491, 501 (Colo. O.P.D.J. 2003) ("Respondent failed to provide Ms. Zinna competent legal representation by failing to name or join the bank and the public trustee in his motion to enjoin the foreclosures sale of Ms. Zinna's residence.  As a result of respondent's failure to do so, the order which respondent obtained was without effect and the foreclosure sale went forward."); *Rosenfield v. HSBC Bank, USA*, No. 10-cv-00058-MSK, 2010 WL 195019, at *2 (D. Colo. Jan. 13, 2010) (noting that injunction against private party is insufficient to halt foreclosure sale in Colorado).