IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU, and
LUVIBIDILA JOLIE LUMUENEMO,

      Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, successor BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP,

      Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Unopposed Motion to Stay Discovery Pending De Novo Review by District Court Judge** [#98] (the "Motion"). Plaintiffs seek a stay of discovery in this matter pending review by the District Judge of the objections raised by Plaintiffs to the undersigned's Recommendation [#81] on Plaintiffs' Second Motion for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) [#39].

Discovery in this matter closes on November 15, 2013. In the Recommendation [#81], the undersigned recommended against allowing Plaintiffs to amend their Complaint to add seven causes of action, most of which had been previously plead and dismissed by the District Judge. The parties aver that there are depositions now scheduled for November 6, 14, and 15.

When exercising its discretion on whether to grant a stay of discovery, the Court

considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at \*2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery will not prejudice Plaintiff because Plaintiff affirmatively seeks the stay. The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, staying discovery would not present an undue burden on Defendant because Defendant agrees to the stay. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, considering that there are three pending depositions and that the discovery deadline is less than two weeks away, it is certainly more convenient for the Court to stay discovery until it is clear what the scope of the remaining discovery in this case must be should any discovery disputes arise at the depositions.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts

-3-

by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#98] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** until further Order of the Court.

DATED: November 5, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge