IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00190-PAB-KLM

JOHN M. MBAKU,
LUVIBIDILA JOLIE LUMUENEMO,

       Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION,
as successor by merger to BAC Home Loans Servicing, LP
f/k/a Countrywide Home Loans Servicing LP,

       Defendant.
_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 81]. The magistrate judge recommends that the Court grant Plaintiffs' Second Motion for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) [Docket No. 39] with respect to plaintiffs' proposed amended due process claim and deny the motion with respect to all other proposed amended claims. Docket No. 81. On October 7, 2013, plaintiffs filed timely objections [Docket No. 88] to the Recommendation. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

      Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed,

unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (internal citation omitted). In light of plaintiffs' pro se status, the Court reviews their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). The facts of this case are set out in detail in the August 20, 2012 Recommendation of United States Magistrate Judge [Docket No. 22] and will not be recited here.

**I. SPURIOUS LIEN**

Plaintiffs argue that the Court should grant them leave to amend their complaint to assert a claim for violation of Colo. Rev. Stat. § 38-35-109(3) (Spurious Lien). Docket No. 88 at 1-2.

Section 38-35-109(3) imposes a penalty for offering to record or refusing to release "any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property" if a party knows or has reason to know "that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid." In their proposed amended complaint, plaintiffs allege that defendant violated this provision by "filing and recording the false assignment purporting to transfer Plaintiffs' promissory note and deed of trust, and by causing the filing of a notice of election and demand." Docket No. 39-1 at 43, ¶ 150.

The magistrate judge found that this statute does not cover the recording of an

assignment or a Notice of Election and Demand because these documents do not convey an interest in, or otherwise encumber, real property. Docket No. 81 at 4-5 (citing Colo. Rev. Stat. § 38-35-201(2) ("'Lien' means an encumbrance on real or personal property as security for the payment of a debt or performance of an obligation.")). Thus, the magistrate judge found that amending the complaint to add this claim would be futile. *Id*.

Plaintiffs object on the grounds that the magistrate judge's reading of the statute would "open[] the door to misconduct" and "lead to an absurd result" because anyone could fabricate an assignment to wrongfully obtain an interest in real property. Docket No. 88 at 1-2. Plaintiffs' argument does not undermine the magistrate judge's conclusion that, according to the plain language of the statute, it does not apply to plaintiffs' proposed claim. Plaintiffs may disagree with the wisdom of the Colorado legislature in maintaining this legislative scheme, but it is not within the purview of the Court to depart from the clear meaning of the statute.

## II. FRAUD

Plaintiffs argue that the Court should grant them leave to amend their complaint to assert a claim for fraud. Docket No. 88 at 2-3.

A claim for fraud requires a plaintiff to show that the defendant knowingly made a false representation "with the intention that it be acted upon." *Vinton v. Virzi*, 269 P.3d 1242, 1247 (Colo. 2012). In its February 1, 2013 Order [Docket No. 26], the Court found that plaintiffs did not satisfy this element because they alleged that they acted in a way contrary to defendant's intent. In their proposed amended complaint, plaintiffs allege that defendant made various misrepresentations in the course of initiating non-

judicial foreclosure proceedings against plaintiffs and that these were made "with the intent of misleading plaintiffs into relying upon [the misrepresentations] and [filing] for bankruptcy." Docket No. 39-1 at 19, 20, 21 ¶¶ 64, 70, 74. These allegations contradict the allegation that, "in furtherance of its fraud scheme, BOA made the strategic decision that most homeowners will not challenge its claimed status as mortgagee/assignee" Docket No. 39-1 at 18, ¶ 59. Plaintiffs address this contradiction in their objections to the Recommendation, arguing that:

> there could only be two possible outcomes to Defendant's initiating foreclosure; Plaintiffs could have either fought the foreclosure with all means available to them which includes filing for bankruptcy or simply stood idly by while the foreclosure process took its course. Therefore, the Defendant could be characterized as having dual intent–where bankruptcy filing by the Plaintiffs is the less preferable of the two possible outcomes from the Defendant's perspective. Because this is a question of fact, it therefore belongs to a reasonable jury to render judgment on the allegation.

Docket No. 88 at 3.

In essence, plaintiffs argue that defendant made a false representation with the intention that plaintiffs choose one of two options available–either do something or do nothing–and that, by doing something, plaintiffs were acting in reliance on defendant's misrepresentation. Plaintiffs' concept of "dual intent" is virtually meaningless when plaintiffs only had two options. Moreover, this argument does not render plausible plaintiffs' allegation that defendant acted with the intent that plaintiffs file for bankruptcy. It is not plausible that defendant would seek to induce plaintiffs' bankruptcy despite the fact that this runs counter to defendant's interest, as alleged by plaintiffs in the proposed amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In sum, it would be futile to grant plaintiffs leave to amend their fraud claim.

### III. COLORADO CONSUMER PROTECTION ACT

Plaintiffs argue that the Court should grant them leave to amend their complaint to allege a violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-101, 6-1-105. Docket No. 88 at 3-4.

The CCPA affords relief upon a showing (1) that defendant engaged in an unfair or deceptive trade practice; (2) in the course of defendant's business; (3) which significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). To meet the first element, a plaintiff must allege that defendant knowingly made a false representation that "either induce[s] a party to act, refrain from acting, or ha[s] the capacity or tendency to attract consumers." *Id*. at 147. Allegations of a deceptive trade practice must be set forth with particularity in accordance with the heightened pleading standards under Colorado Rule of Civil Procedure 9(b). *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). Pleading with particularity requires, at a minimum, setting forth the "'who, what, when, where and how' of the alleged fraud and . . . the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal citations omitted).

In their proposed amended complaint, plaintiffs allege that defendant violates the

CCPA (1) through its "routine pursuit of foreclosure proceedings with knowledge that a TBW mortgage has not and cannot follow the note," Docket No. 39-1 at 25-26, ¶ 91; (2) in attempting "through MERS . . . to assign plaintiffs' mortgage and note as well as that of other consumers," Docket No. 39-1 at 27, ¶ 99; (3) through its "pursuit of foreclosure proceedings with knowledge that Freddie Mac, Ginnie Mae or another entity guarantees the timely payments of principal and interest on plaintiffs' promissory note," Docket No. 39-1 at 28, ¶ 102; (4) by arguing that "MERS can validly transfer the beneficial rights to plaintiffs' promissory note,"  Docket No. 39-1 at 34, ¶ 125; and (5) by foreclosing on homeowners on the basis of fabricated assignments, Docket No. 39-1 at 37, ¶ 134.

In objecting to the Recommendation, plaintiffs argue that defendant's alleged misrepresentations induced them to act insofar as they "believe[d] that the entire foreclosure proceedings . . . [were] legitimate and therefore filed for bankruptcy in 2010 as a means of protection."  Docket No. 88 at 4.  They further argue that a false assignment "induces consumers to believe that the assignment is legitimate and therefore do not challenge the foreclosure."  Docket No. 88 at 3.

Plaintiffs' proposed amended CCPA claim is futile for the same reason as plaintiffs' proposed amended fraud claim.  Plaintiffs allege that defendant's representations tend to induce both action and inaction, including action, such as filing for bankruptcy, of no apparent benefit to defendant.  *See Rhino Linings USA*, 62 P.3d at 147.  Absent clear allegations regarding the impact of defendant's practices on plaintiffs and on the consuming public at large, plaintiffs' allegations regarding defendant's alleged deceptive trade practices are too vague to meet the standard set

forth under Rule 9(b). *See Sikkenga,* 472 F.3d at 726-27; *see also People ex rel. Dunbar v. Gym of Am., Inc.*, 493 P.2d 660, 668 (Colo. 1972) ("it is in the public interest to invoke the state's police power to prevent the use of methods that have a tendency or capacity to attract customers through deceptive trade practices. . . The [CCPA] is an outgrowth of this conclusion."). *Id*.

The Court finds that granting plaintiffs leave to amend their complaint to allege a violation of the CCPA would be futile. This finding renders futile plaintiffs' request to assert a claim for negligence per se based on defendant's alleged violation of the CCPA. *See Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 266 P.3d 412, 417 (Colo. App. 2011).

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs argue that the Court should permit them leave to amend their complaint to assert a claim for intentional infliction of emotional distress. In their proposed amended complaint, plaintiffs state that, "[b]ecause the Defendant foreclosed on the Plaintiffs' property in whole or in part on the basis of the false assignment, Plaintiffs suffer and have suffered severe emotional distress." Docket No. 39-1 at 40, ¶¶ 144-45. In their objections, they note that they also alleged that, at the Rule 120 hearing, defendant produced a note:

> with no actual signature on it but rather a '***facsimile signature***' that is part of a signature stamp it claims to be a proper endorsement. Plaintiffs contend that the said signature is a forgery, a fabricated signature just as the assignment of the promissory note and deed of trust was fabricated. As a result, BOA cannot and would not offer TBW corporate record (resolution) relating to a facsimile signature of that officer as being valid. There is no date as to the purported endorsement, and no notary signature or stamp. More importantly, there was no allonge indicating that it has been transferred

7

to another party.

Docket No. 39-1 at 15, ¶ 49 (emphasis in original).

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must show that "(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress." *Han Ye Lee v. Colorado Times, Inc.*, 222 P.3d 957, 966-67 (Colo. App. 2009).

The Court has previously explained that a valid assignment is not necessary to initiate foreclosure proceedings under Colorado law and, thus, any defects in the assignment cannot support a claim for intentional infliction of emotional distress. *See* February 1, 2013 Order [Docket No. 26] at 16-17. Given that plaintiffs do not dispute that they were in default on their mortgage loan, and that some entity had authority to foreclose, defendant's initiation of foreclosure proceedings was not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999).

**V. NEGLIGENCE**

Plaintiffs argue that they should be granted leave to amend their complaint to assert a claim for negligence on the basis that defendant violated a duty set forth in its April 31, 2011 consent decree with the Office of the Comptroller of the Currency ("OCC"). Docket No. 88 at 5.

A claim for negligence requires allegations of four elements: duty, breach of duty,

causation, and damages. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001).

The consent decree that plaintiffs cite provides that defendant shall submit a "compliance program [to the OCC] to ensure that . . . foreclosure operations . . . comply with all applicable Legal Requirements," including state law requirements regarding documentation of its ownership of the promissory note and mortgage. *Available at* http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-47b.pdf at 6-8. However, the consent order also provides that no compliance plan need be submitted until sixty days after the order was set to take effect on April 13, 2011. *Id.* In addition, the consent decree states: "Nothing in the Stipulation and Consent or this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or legal or equitable right, remedy or claim under the Stipulation and Consent or this Order." *Id.* at 27, ¶ 10.

By its own terms, the consent decree does not create a duty of care that plaintiffs can enforce against defendant. *See id*. Moreover, since plaintiffs allege that the assignment at issue in this case was executed on April 28, 2011, there is no basis for finding that the assignment would be covered by the consent order, even assuming the consent order did give rise to a duty of care enforceable by plaintiff. Docket No. 39-1 at 5, ¶ 16. Thus, it would be futile to grant plaintiffs leave to amend their claim for negligence.

## VI. COLORADO FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs argue that the Court should grant them leave to amend their complaint

to assert a claim for violation of the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo. Rev. Stat. § 12-14-101 *et seq.*, on the basis that "the forging of a promissory note endorsement as Plaintiffs have alleged, is a false and deceptive means in connection with the collection of a debt." Docket No. 88 at 6.

The CFDCPA prohibits debt collectors from using "false, deceptive, or misleading representation(s) or means in connection with the collection of any debt." Colo. Rev. Stat. § 12-14-107(1). In order to be actionable, a false statement must be material–that is, it must be the type of statement that would impact the least sophisticated consumer's decisions with respect to a debt. *See Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009) (interpreting federal FDCPA); *O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1016 n.2 (D. Colo. 1997) (applying "least sophisticated consumer" standard to CFDCPA claim); *see also Udis v. Universal Commc'ns Co.*, 56 P.3d 1177, 1179 (Colo. App. 2002) ("When analyzing a state statute, interpretation of an analogous federal statute is persuasive.").

The authenticity of the endorsement on the promissory note was necessary to the foreclosure proceedings because an endorsement in blank renders a note enforceable by the bearer of the note based solely on possession of the note, and, likewise, renders immaterial the validity of any corresponding assignment. *See* Colo. Rev. Stat. § 38-38-100.3(10)(c) (the "person in possession of a negotiable instrument evidencing a debt, which has been . . . indorsed in blank" is presumed to be a holder of an evidence of debt). Defendant does not address plaintiffs' allegations that the endorsement was forged, focusing instead of plaintiffs' allegations regarding the validity

of the assignment. See Docket No. 96 at 12-14.

In *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012), the court held that a plaintiff stated a claim for relief under the FDCPA where she alleged the "filing of foreclosure action by [a] law firm claiming ownership of [a] mortgage by its client . . . when the bank has not received a transfer of the ownership documents." The court held that the alleged conduct constituted a material misrepresentation that would confuse or mislead the least sophisticated consumer because it could cause "confusion and delay in trying to contact the proper party concerning payment on [the] loan and resolution of the problem." *Id.* at 327-28.

Plaintiffs' allegation that defendant forged the blank endorsement on plaintiffs' promissory note is sufficient to state a claim for relief under the CFDCPA. Defendant does not argue that plaintiffs are seeking leave to amend for an improper purpose or that granting such leave would be prejudicial to defendant. The Court, "mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits," will permit plaintiffs to amend their complaint to allege a violation of the CFDCPA as set forth in their proposed amended complaint. See *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).

## VII. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 81] is ADOPTED in part. It is further

**ORDERED** that Plaintiffs' Second Motion for Leave to File Amended Complaint

Pursuant to Fed. R. Civ. P. 15(a)(2) [Docket No. 39] is GRANTED in part. It is granted with respect to plaintiffs' proposed amended sixth, eighth, ninth, and tenth claims for relief. It is denied with respect to plaintiffs' remaining proposed amended claims for relief. It is further

**ORDERED** that plaintiffs shall file an amended complaint in conformance with this Order on or before **January 23, 2014.**

DATED January 10, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge